**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MICHEAL ATTAWAY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 25-cv-00488-SMY** |
| | ) | |
| DARREN GALLOWAY, | ) | |
| WILLIAM ISAIAH SHANHOLTZER, | ) | |
| MIGUEL NAVARETTE, | ) | |
| ZACHARY MOORE, and | ) | |
| OTHER UNKNOWN DEFENDANTS, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Micheal Attaway is a former inmate of the Illinois Department of Corrections ("IDOC"). He filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was in prison at Shawnee Correctional Center.[1] Plaintiff, who is physically disabled, claims he was housed with violent cellmates who attacked and injured him, and that his signature was forged on legal documents. (Doc. 1). He asserts the cell placements violated the Eighth Amendment, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq*. He seeks monetary damages and other relief. *Id.*

Plaintiff requests leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 2). Because Plaintiff was no longer incarcerated at the time he filed this case, his claims are not subject to review under 28 U.S.C. § 1915A. However, because he seeks IFP status, the Court must review

---

[1] Plaintiff electronically filed this case in the Central District of Illinois (Case No. 25-cv-2094), which transferred it to this District (Doc. 3).

1

his claims pursuant to 28 U.S.C. § 1915(a)(1) and (e)(2).

A federal district court may allow an indigent plaintiff to proceed without prepayment of fees based on an affidavit that states the movant's assets and demonstrates the person's inability to pay the fees. *See* 28 U.S.C. § 1915(a)(1). Plaintiff has done so here, and the Court is satisfied that he is indigent. (Doc. 2). But the inquiry does not end there; 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by an IFP plaintiff.

The court will deny a plaintiff leave to file IFP and dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff walks with a cane due to mobility impairments, making him vulnerable to attack (Doc. 1, p. 2). Defendant Galloway and the Assignment Office knowingly placed Plaintiff in a cell with Defendant Shanholtzer, a fellow inmate. Shanholtzer's conviction for criminal sexual assault of a young victim demonstrated his history of sexual violence against vulnerable individuals. Shanholtzer brutally assaulted and raped Plaintiff.

Galloway and the Assignment Office later knowingly housed Plaintiff in a segregation cell with Defendant Inmate Navarette, a known violent gang member who raped Plaintiff three times

2

in a single week (Doc. 1, p. 2).  Navarette severely beat Plaintiff when he tried to report the sexual

assaults.  Plaintiff saw a nurse for treatment of his bruised and bleeding face.  Plaintiff was

promised x-rays, but none were taken.  These events violated Plaintiff's Eighth Amendment right

to be free from cruel and unusual punishment as well as the ADA and RA.  Further, there was a

conspiracy to allow Plaintiff to be abused by these inmates (Doc. 1, p. 4).

During the Pavey[2] hearing in *Attaway v. Brown, et al.*, Case No. 23-cv-2613-GCS (S.D.

Ill. filed July 28, 2023), Defendant Moore (also a defendant in that case) failed to prove that certain

grievance-related forms had been signed by Plaintiff, and Plaintiff maintained the signatures were

not his (Doc. 1, pp. 2-3).  Moore forged Plaintiff's signature on the forms and gave perjured

testimony that the signatures were Plaintiff's.

Plaintiff requests criminal investigations into the sexual assaults by Shanholtzer and

Navarette and Moore's forgery and perjury (Doc. 1, p. 4).

 Based on the allegations in the Complaint, the Court designates the following claims in

this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment failure to protect claim against Galloway for placing Plaintiff in a cell with known dangerous inmates at Shawnee. |
| Count 2: | ADA and/or RA claim against Galloway for placing Plaintiff in cells with violent offenders despite his disabilities. |
| Count 3: | Claim against Moore for forging Plaintiff's signature on documents and giving perjured testimony in *Attaway v. Brown, et al.*, Case No. 23-cv-2613-GCS. |
| Count 4: | Claim pursuant to 42 U.S.C. § 1985(3) for conspiracy to deprive Plaintiff of his civil rights by housing him with known violent cellmates. |

Any other claim that is mentioned in the Complaint but not addressed in this Order should be

---

[2] *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008).

3

considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Preliminary Dismissals

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the deprivation of a constitutional right by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 49 (1988). A prison inmate is not a "state actor" as contemplated under § 1983. Accordingly, Defendants Shanholtzer and Navarette are **DISMISSED** from the case.

Further, the power to investigate or bring criminal charges rests with the executive branch. Thus, the Court will not order a criminal investigation. *See Orum v. C.I.R.*, 412 F.3d 819, 821 (7th Cir. 2005); *In re United States*, 345 F.3d 450, 453 (7th Cir. 2003).

Finally, Plaintiff includes "Other Unknown Defendants" in the case caption but does not mention these unknown individuals in the statement of claim or describe what they allegedly did to violate his constitutional rights. A plaintiff may use the "John/Jane Doe" designation to refer to specific individuals whose names are unknown, but a vague assertion that an undefined group of officials violated the plaintiff's constitutional rights runs afoul of the pleading standards in *Iqbal* and *Twombly*. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Plaintiff must make plausible allegations against individuals. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the "Other Unknown Defendants" are **DISMISSED** from the case.

## Discussion

### Count 1

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other

prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also*

*Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).  To state a claim for failure to protect, a

plaintiff must plead facts suggesting he is/was incarcerated under conditions posing a substantial

risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.

*Farmer*, 511 U.S. at 833; *Pinkston*, 440 F.3d at 889.  Plaintiff's allegations state a viable claim for

failure to protect.  As such, Count 1 will proceed against Defendant Galloway.

### Count 2

Plaintiff's allegations may support a viable ADA and/or RA claim.  However, because

individual employees of IDOC cannot be sued under the ADA or the RA, this claim cannot proceed

against the individual defendants.  *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir.

2012).  The proper defendant is the relevant state department or agency.  *See* 42 U.S.C.

§12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper

defendant is the agency or its director, in his/her official capacity).  Accordingly, Defendant

Galloway is dismissed from Count 2, and the Illinois Department of Corrections will be added as

a defendant with respect to the ADA/RA claim.

### Count 3

Plaintiff invokes Illinois state statutes as grounds for his claim against Defendant Moore.

Forgery and perjury do not violate the Constitution, nor does the conduct alleged support a civil

rights claim or a private civil cause of action.  *See generally Diamond v. Charles*, 476 U.S. 54, 64-

65 (1986) (private citizens cannot compel enforcement of criminal law).  Therefore, Count 3 and

Defendant Moore will be dismissed for failure to state a claim upon which relief may be granted.

### Count 4

Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) cannot proceed.  The Complaint

includes a conclusory statement that a conspiracy existed to allow Plaintiff's abuse but lacks supporting factual allegations.  Count 4 will also be dismissed for failure to state a claim upon which relief may be granted.

## Disposition

Plaintiff's Motion to Proceed IFP (Doc. 2) is **GRANTED**.  The Complaint states colorable claims in Count 1 against Galloway, and in Count 2 against the Illinois Department of Corrections.  Counts 3 and 4, Defendant Zachary Moore, and the Other Unknown Defendants are **DISMISSED** without prejudice.  Defendants William Isaiah Shanholtzer and Miguel Navarette are **DISMISSED** with prejudice.  The Clerk of Court is **DIRECTED** to **ADD** the Illinois Department of Corrections as a defendant.

The Clerk shall prepare for Darren Galloway and the Illinois Department of Corrections: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be

6

retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  January 14, 2026**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**Chief U.S. District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.